908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eugene Keith SULIE, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Warden and Indiana Attorney General,
Respondents-Appellees.
 No. 88-3182.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 28, 1990.*
Decided July 17, 1990.
 
 Before RICHARD A. POSNER, DANIEL A. MANION and MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 In the early morning hours of February 24, 1976, petitioner Eugene Keith Sulie surprised Talbert and Judy McClendon by meeting them next to the McClendons' van. Sulie said, "What's happening, Lee?" and then shot Talbert McClendon, leaving him wounded. Sulie then chased Judy McClendon. Talbert heard Sulie call Judy a "bitch," and then shots rang out. Judy's father saw the shooting but did not get a good look at the assailant. Judy McClendon died before the police arrived. Sulie was convicted of first degree murder after a jury trial in the Superior Court of Lake County, Indiana after presenting an insanity defense. He was sentenced to life imprisonment. The Indiana Supreme Court affirmed the conviction, Sulie v. State, 379 N.E.2d 455 (Ind.1978), and the United States Supreme Court denied certiorari. 440 U.S. 948 (1979).
 
 
 2
 This appeal is from the denial of Sulie's third petition to the district court for writ of habeas corpus. In his first petition, Sulie argued that his right to due process had been violated when the State, attempting to prove Sulie's sanity at the time of the murder, presented evidence that Sulie had requested an attorney after he had been given Miranda warnings. The district court denied the petition, and on appeal this court held that evidence of a post-Miranda request for an attorney was admissible to prove sanity. Sulie v. Duckworth, 689 F.2d 128 (7th Cir.1982), cert. denied 460 U.S. 1043 (1983). In 1986, the Supreme Court addressed the same issue in Wainwright v. Greenfield, 474 U.S. 284, and determined that such evidence burdens the Sixth Amendment right to counsel and is not admissible. Sulie soon thereafter filed his second petition for habeas corpus, attempting to rely on Greenfield. The district court denied the petition as an abusive successive petition raising the same grounds because Sulie had not presented a colorable claim of factual innocence as three Justices would have required in Kuhlmann v. Wilson, 477 U.S. 436 (1986). On appeal, this court held that a claim of factual innocence was not an absolute requirement for a successive petition, and found that the ends of justice required the examination of Sulie's claim in light of the change in the law effected by Greenfield. Sulie v. Duckworth, 864 F.2d 1348 (7th Cir.1988), cert. denied 110 U.S. 93 (1989). The court held that Greenfield should be given retroactive effect on collateral review, but that the constitutional error in Sulie's case had been harmless beyond a reasonable doubt. Id. at 1356-59.
 
 
 3
 Before we issued our decision in the appeal from the denial Sulie's second petition, he filed a third petition. He raised five issues in the new petition:
 
 
 4
 (1) That evidence of Sulie's post-Miranda request for an attorney violated his constitutional rights;
 
 
 5
 (2) That trial counsel had been ineffective in failing to object to improper discussion among members of the jury venire of Sulie's previous institutionalization upon a finding of insanity after a murder charge;
 
 
 6
 (3) That the trial court's instruction to the jury that reasonable doubt is "a doubt for which a reason can be given" shifted the burden of proof to Sulie;
 
 
 7
 (4) That the State failed to meet its obligations under Brady v. Maryland, 373 U.S. 83 (1963), when it failed to produce a black hat found at the scene of the murder; and
 
 
 8
 (5) That the State presented false testimony.
 
 
 9
 The district court denied relief on each claim on October 13, 1988. Sulie filed a timely notice of appeal and we affirm.
 
 1. Post-Miranda Request for an Attorney
 
 10
 The district court found that, although admission of the request for an attorney was constitutional error, Wainwright v. Greenfield, supra, the error was harmless beyond a reasonable doubt. We reached the same conclusion on appeal from the denial of Sulie's second petition two months later. The present petition is equivalent to a motion to reconsider our earlier decision. We have not changed our view. The reasons we expressed at 864 F.2d 1348, 1356-59 are still valid and convincing.
 
 2. Ineffective Assistance of Counsel
 
 11
 The district court refused to find that Sulie's trial counsel was ineffective in not objecting to alleged improper discussion among members of the jury venire because Sulie had shown no prejudice arising from counsel's alleged error. Sulie did not name the potential jurors involved in the discussions of his earlier commitment after a finding of insanity when he was charged with another murder. He did not allege that any of those potential jurors were actually selected to hear the case. Even if they had been selected, the facts they were alleged improperly to have discussed were heavily relied on by the defense to support Sulie's insanity claim; there was no allegation that they discussed anything that was not presented at trial. As a result, the district court held that Sulie had not shown any prejudice from counsel's failure to object.
 
 
 12
 On appeal, Sulie raises two arguments for reversal. First he states that "the prejudice in the case at bar goes right to the very defense that the petitioner raised. The evidence cuts right at the insanity defense much more so than it does toward evidence of the offense." But the evidence the prospective jurors were alleged to have discussed is the same evidence Sulie presented in his own behalf at trial. He has not shown how the jury's improper early exposure to defense evidence prejudiced his case. He has not shown that the outcome of the trial would probably have been different if counsel had made the objection.
 
 
 13
 The second argument is that one of Sulie's lawyers was disbarred by the Indiana Supreme Court eight years after the trial. Ronald Aungst was disbarred in 1984 after he used money from a guardianship trust to pay office expenses and wrote a bad check on his personal account to an automobile dealer. This fact sheds no light on how Mr. Aungst conducted Sulie's defense in 1976. In fact, Mr. Augnst was a highly qualified and capable defense attorney. We have been given no reason to believe that Mr. Aungst was not competent in 1976. Sulie has not shown that the representation he received was outside the range of reasonable professional assistance.
 
 3. Instruction on Reasonable Doubt
 
 14
 The district court found no reason why Sulie could not have raised his objection to the jury instructions in one of his earlier petitions, and therefore dismissed the claim until such time as Sulie could show that the delay is not an abuse of the Writ under Habeas Rule 9(b). Sulie argues that it was improper to punish him by dismissal for waiting on this issue because his challenge is based on Sandstrom v. Montana, 442 U.S. 510 (1979), which was decided after his conviction became final.
 
 
 15
 Sulie was well enough aware of the issue to raise it on direct appeal to the Indiana Supreme Court before Sandstrom was decided. His first habeas corpus petition was not filed until May 28, 1981, almost two years after Sandstrom. The date of the Sandstrom decision is the only reason Sulie gives to suggest that the district court erred in dismissing without prejudice under Rule 9. That reason is inadequate given the date of Sulie's first application for the Writ. He has still given no reason why the claim was not raised earlier.
 
 4. Loss of the Black Hat
 
 16
 Among other items found at the scene of the crime was a black hat. This hat was not turned over to Sulie in response to his request for exculpatory materials, apparently because it was lost. The district court held that Sulie had not shown that the hat was intentionally lost or destroyed, nor that the hat would have provided exculpatory evidence. In this court, Sulie still does not argue that the state intentionally lost or destroyed the hat. He argues only that hair samples which might have been found on the hat may have shown that someone else committed the murder. Even if the hat had produced hair samples, that would hardly have been evidence that the wearer of the hat committed the murder. But even assuming for purposes of discussion that the hat could have been used to exculpate Sulie, its accidental loss or destruction would not be adequate grounds to overturn an otherwise valid conviction. Arizona v. Youngblood, 109 S.Ct. 333, 337 (1988).
 
 5. False Testimony by the State's Witness
 
 17
 Sulie's last argument is that Talbert McClendon was not a credible witness. He asserts that McClendon was under the influence of drugs at the time he testified. The district court held that Sulie had not identified any portion of McClendon's testimony as falsehood, and had not shown that any government officials knew that McClendon was lying. In this court, Sulie has still not pointed to any false statement by McClendon, nor has he shown any state complicity. He points out only that there was not enough light for Judy McClendon's father to identify the assailant while Talbert McClendon was able to identify Sulie. This is no evidence that Talbert McClendon was lying; Talbert saw Sulie by the van while Judy's father saw the shooting after Sulie chased Judy away from the van. Sulie was required to show both that McClendon testified falsely, and that the prosecution knew it. United States ex rel. Burnett v. Illinois, 619 F.2d 668 (7th Cir.), cert. denied 449 U.S. 880 (1980); United States v. Lochmondy, 890 F.2d 817, 822 (6th Cir.1989). He has not carried that burden.
 
 
 18
 Sulie asks us to create a new rule which would allow him to attack Talbert McClendon's credibility on habeas corpus review based on McClendon's subsequent conviction of crime. McClendon was convicted of burglary three years after Sulie's trial. After Penry v. Lynaugh, 109 S.Ct. 2934 (1989), we do not have power to create any new rule on collateral review of a criminal conviction.
 
 
 19
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record